UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA,

   -against-

| | |
|---|---|
| WALIK WILLIAMS, | **MEMORANDUM AND ORDER** |
| | 15-CR-192 (FB) |
| Defendant. | |

-----------------------------------------------------x

*Appearances:*

| | |
|---|---|
| *For the United States of America:* | *For the Defendant* |
| ROBERT L. CAPERS | MICHAEL K. SCHNEIDER |
| United States Attorney | Federal Defenders of New York, Inc. |
| Eastern District of New York | One Pierrepont Plaza, 16th Floor |
| BY: JENNIFER S. CARAPIET | Brooklyn, NY 11201 |
| DAVID NORWICH GOPSTEIN | |
| Assistant United States Attorneys | |
| 271 Cadman Plaza East | |
| Brooklyn, NY 11201 | |

**BLOCK, Senior District Judge:**

     Walik Williams ("Williams") is charged with knowingly and intentionally possessing a firearm in violation of 18 U.S.C. § 922(g)(1). Williams moved the court to suppress the loaded firearm found on his person because it was obtained pursuant to an illegal search. The Court held a hearing in which evidence was admitted and testimony was heard.

     In moving to suppress the firearm, Williams has the initial burden of demonstrating that the police search was conducted without a warrant. *United States v. Arboleda*, 633 F.2d 985, 989 (2d Cir. 1980). It is undisputed that the firearm was seized pursuant to a warrantless search. Accordingly, the burden shifts to the Government to demonstrate that

the search did not violate the Fourth Amendment. *Id.*; *see also United States v. Davis*, – F. Supp. 3d. –, 2015 WL 3990514, at *4 (E.D.N.Y. July 1, 2015).

In light of the evidence and testimony presented, the Court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Criminal Procedure 12(d):

1. Shortly after midnight on October 23, 2014, Williams and his brother, Hasheen Slaughter ("Slaughter"), walked from the Bushwick to Bedford-Stuyvesant neighborhoods in Brooklyn.

2. Williams had a loaded 9mm semiautomatic handgun tucked out of sight in the waistband of his longjohns underneath his jeans.

3. As Williams and Slaughter approached the intersection of Marcy Avenue and Lexington Avenue, they noticed two uniformed police officers standing on the corner in front of a deli.

4. Williams and Slaughter crossed to the opposite side of Lexington Avenue and continued to walk down the south side of the street.

5. As Williams and Slaughter approached 370 Lexington Avenue, a black, unmarked Chevy Impala drove slowly in the opposite direction down the street. The car was occupied by Police Officer Kevin Costello in the driver's seat and Police Officer Robert O'Brien in the passenger's seat. The officers were in plainclothes.

6. Officer Costello stopped the car approximately 15-20 feet away from Williams and Slaughter. Both officers exited the vehicle.

7. One officer said, "What's up fellas?" To which Williams replied, "Ain't nothing."

8. The officers then asked if Williams or Slaughter "had anything." Both Williams and Slaughter said "no."

9. The officers then searched Williams and Slaughter and discovered the handgun in Williams's pants loaded with 12 rounds of ammunition. Both Williams and Slaughter were placed under arrest.[1]

\* \* \*

Absent probable cause, an investigating officer may conduct a "patdown search" of an individual for the limited purpose of discovering "weapons which might be used to harm the officer or others nearby." *Minnesota v. Dickerson*, 508 U.S. 366, 373 (1993). However, to conduct such a search, the officer must have a reasonable suspicion "that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous." *Terry v. Ohio*, 392 U.S. 1, 30 (1968). Reasonable suspicion must be based on "something more than an 'inchoate and unparticularized suspicion or "hunch."'" *United States v. Sokolow*, 490 U.S. 1, 7 (1989) (quoting *Terry*, 392 U.S. at 27). When such a search is conducted without reasonable suspicion, the evidence discovered

---

[1] Slaughter's arrest was voided, and he was released later that night.

pursuant to the search must be suppressed by the Court. *C.f. Florida v. J.L.*, 529 U.S. 266, 269-74 (2000).

In the present case, given the Court's factual findings, the Government has not met its burden of demonstrating that the warrantless search of Williams was supported by reasonable suspicion. The Court recognizes the difficulty of police work and the benefits derived from the removal of a firearm from the streets of New York City, however, in light of the circumstances surrounding the underlying search, the Defendant's motion is GRANTED.

**SO ORDERED.**

<u>/S/ Frederic Block</u>
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
November 5, 2015